Glenn *v.* Moore.

JOHN C. GLENN *v.* WILLIAM MOORE *et al.*

CHANCERY COURT JURISDICTION. *Unliquidated damages.* An officer to sat-
isfy an execution levied upon some wheat, a *supersedeas* from the cir-
cuit court issued. The clerk took insufficient bond; wheat was re-
leased by the officer, and disposed of by the debtor, who was insolvent.
·Upon bill in chancery court to hold the clerk and sureties upon his
official bond liable for the value of the wheat, upon demurrer for
want of jurisdiction in the chancery court. *Held:* That the action
was not for " unliquidated damages," and that the chancery court had
jurisdiction.

FROM GIBSON.

Appeal from the Chancery Court at Trenton. JOHN
SOMERS, Ch.

M. M. NEIL and MCFARLAND & BOBBITT for com-
plainant.

SPL. HILL and MCDEARMON & TYREE for defend-
ants.

COOKE, Sp. J., delivered the opinion of the court.

The complainant recovered a judgment before a
justice of the peace of Gibson county against one
Davidson for about $220, upon which execution was
issued and levied upon some 230 bushels of wheat.
Davidson preferred a petition to the circuit judge,
·and obtained a *fiat* directed to the clerk of the cir--
cuit court ordering a *supersedeas* to issue, to super-
sede said execution, upon the petitioner executing
bond with security as required by law.

Glenn *v.* Moore.

The respondent, William Moore, who was the clerk of the circuit court, carelessly and negligently and in violation of his duty as such clerk, took an unauthorized and insufficient bond, with insolvent security, and issued the *supersedeas,* by virtue of which the wheat was released by the officer making the levy, and disposed of by Davidson, who was insolvent.

The petition for *supersedeas* was dismissed by the circuit court, and this bill has been filed against the clerk, William Moore, and the other respondents, who are his sureties upon his official bond, seeking to have an account of the amount and value of the wheat so levied upon and released, and a decree for the same, upon the ground of the failure of said Moore to discharge his duty as such clerk according to law and the requirements of his official bond, by not taking and requiring a good and sufficient bond, with solvent and responsible sureties, before issuing said *supersedeas.*

There was a demurrer to the bill, which was overruled, and the respondents required to answer. Proof was taken, and account was ordered according to the prayer of the bill, as to the amount and value of the wheat levied upon and released, and a report in obedience thereto by the master, which was confirmed, and a decree rendered against the respondents for the amount so ascertained, from which they, or some of them, have appealed to this court.

The only question which is now insisted upon was raised by the demurrer, the cause of demurrer

17— VOL. 11.

assigned being "that a court of equity has no juris-
diction of the subject-matter of this bill, the same
being only cognizable at law," etc.

This raises the question as to whether this case
falls within the exceptions of the act of 1877, ch.
97, entitled an act to increase the jurisdiction of the
chancery court, the second section of which act is as
follows: "That from and after the passage of this
act, no demurrer for want of jurisdiction of the
cause of action shall be sustained in the chancery
court except in cases of unliquidated damages for
injuries to person, property or character."

The facts of this case do not bring it within the
above exception, or constitute an injury to property
within the meaning of said act. By the levy of the
execution the title to the specific property was vested
in the officer for the satisfaction of the judgment.
By reason of the failure of the clerk to discharge
his official duty, it was released and lost, and by
virtue of the obligatory force of his official bond,
the complainant became entitled to recover of him
and his sureties, the respondents in this cause, the
value of the wheat, and which might, under the pro-
visions of said act, be sued for and recovered in a
court of chancery.

This case is very easily distinguishable in its
facts from the case of *Ramsey* v. *Temple*, 3 Lea, 252.
Here the liability was fixed, and the complainant's
right to recover of the defendants the value of the
specific property was clear; and a court of chancery
and the mode of procedure therein was well adapted

to the ascertainment of that value. None of the *inconveniences* or objections to the jurisdiction pointed out or suggested in thàt case can apply to this, and that case went to the utmost verge of legitimate judicial construction, and we cannot extend it further.

The demurrer was properly overruled. There is no error in the decree of the chancellor, and it will be affrmed with costs.